IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:20-cv-00745 ) |
| v. | ) **COMPLAINT** ) **AND JURY TRIAL DEMAND** |
| PROFESSIONAL TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Rachael Hagy. As alleged with greater particularity in Paragraphs 14 through 39 below, Defendant Professional Transportation, Inc. ("Defendant") subjected Ms. Hagy to unlawful discrimination on the basis of her actual disability, record of disability, and because she was regarded as disabled; and Defendant used qualification standards that screened out and tend to screen out individuals with disabilities in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§

2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of West Virginia and other jurisdictions.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, an Indiana corporation, has continuously been doing business in the State of West Virginia and the City of Bluefield and has continuously had at least 15 employees.

5. During each and every calendar week in calendar years 2018, 2019 and 2020, Defendant has continuously employed more than 500 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5) & (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Rachael Hagy filed a

charge with the Commission alleging violations of the ADA by Defendant.

9. On January 24, 2020, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On February 21, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

14. Since at least February 25, 2019, Defendant has engaged in unlawful employment practices at its facility in Bluefield, West Virginia and other locations in violation of Sections 102(a), 102(b)(1) and 102(b)(6) of Title I of the ADA, 42 U.S.C. §§12112(a), 12112(b)(1) & 12112(b)(6), that adversely affected Rachael Hagy. Specifically, Defendant failed to hire Ms. Hagy because of her actual disability, record of disability, or because she was regarded as disabled; and used qualification standards that screened out or tended to screen out individuals with disabilities such as Ms. Hagy.

*Count I: Discrimination on the Basis of Disability Prohibited
by 42 U.S.C. §§ 12112(a) and 12112(b)(1)*

15. At all relevant times, Rachael Hagy was a person with a disability under Section 3(1)(A), (B) and (C) of the ADA, 42 U.S.C. § 12102(1)(A), (B) & (C). At the time of her

application for employment with Defendant, Ms. Hagy had a physical impairment and a record of that impairment, opioid addiction, that substantially limited one or more major life activities, and Defendant regarded Ms. Hagy as having a disability by disqualifying her and denying her hire because of her non-transitory and non-minor impairment, opioid addiction, and related medical treatment.

16. At all relevant times, and as a consequence of, and as medical treatment for, her opioid addiction disability, Ms. Hagy has received prescribed Suboxone treatment.

17. Ms. Hagy applied for a Van Driver position at Defendant's Bluefield, West Virginia branch prior to February 25, 2019. Thereafter, she received a notification of an open interview event to be conducted by Defendant at a hotel meeting facility located in Princeton, West Virginia.

18. On or about February 25, 2019, Ms. Hagy attended Defendant's open interview event in Princeton, West Virginia.

19. After speaking with Defendant's managerial personnel at the open interview event, and while Ms. Hagy was still present at the event, Defendant extended to her a conditional offer of employment as a Van Driver.

20. After Defendant made the conditional offer of Van Driver employment to Ms. Hagy, Defendant's managerial personnel, Bluefield Branch Manager Sherri Linkous, informed Ms. Hagy of the next steps in the hiring process, one of which was a drug test.

21. Upon being informed of the need to complete a drug test, Ms. Hagy voluntarily disclosed to Linkous that she was receiving Suboxone medication and asked whether that would cause any problem with the drug test.

22. In response to Ms. Hagy's disclosure that she was taking Suboxone, Linkous stated that she would need to speak with someone at the company about the Suboxone and would make

a phone call.  Ms. Hagy then assured Linkous that Suboxone did not affect her driving ability.

23.  Immediately thereafter, Linkous left the room and called Defendant's Human Resources Director Steven Greulich.  After review of manufacturer's information concerning potential side effects of Suboxone, Greulich decided to disqualify Ms. Hagy from the Van Driver position because of her Suboxone use.

24. Defendant did not request any medical information from Ms. Hagy or her health care provider concerning her Suboxone treatment, whether she experienced side effects, whether she was safe to perform the essential job functions of the Van Driver position, or any other facts concerning her disability.  At all relevant times, Ms. Hagy has not experienced side effects from Suboxone treatment.

25. Greulich directed Linkous to inform Ms. Hagy that she was not qualified for the Van Driver position because of her Suboxone use.

26. When Linkous returned from placing the call to Greulich, she told Ms. Hagy that she (Hagy) would not be hired because she was unqualified due to her Suboxone use, and Linkous made a statement to the following effect: "The job is driving for the railroad and the railroad had problems in the past with people on methadone and would not want anyone on anything driving for the railroad."

27. At that time, Linkous also told Ms. Hagy that she would continue trying to get Hagy hired to work for Defendant, and she gave Hagy her name and cell phone number to check-in.

28. After February 25, 2019, Ms. Hagy made several attempts to contact Linkous via calls and text message in order to determine if Defendant had changed its decision to disqualify her because of her Suboxone treatment and was willing to offer her employment.

29. Defendant never hired Ms. Hagy, nor did it ever change its decision and extend

another offer of employment to her after disqualifying her for Suboxone use on February 25, 2019.

30. Defendant refused to hire Ms. Hagy for the Van Driver position because she was taking Suboxone without consideration of whether the medication actually affected her ability to safely perform the essential functions of the position.

31. Defendant disqualified Hagy and refused to hire her as a Van Driver because she was receiving medication treatment for opioid addiction.

32. Defendant refused to hire Ms. Hagy because of her actual disability and record of a disability, opioid addiction, and because she was regarded as disabled in violation of Sections 102(a) and 102(b)(1) of the ADA, 42 U.S.C. §§ 12112(a) & 12112(b)(1).

*Count II: Discrimination on the Basis of Disability Prohibited by 42 U.S.C. §§ 12112(a) and 12112(b)(6)*

33. The Commission incorporates by reference the factual allegations set forth in Paragraphs 14 through 32, above.

34. Since at least February 25, 2019, Defendant has maintained and applied a qualification standard that barred Ms. Hagy from working in a driving position because she was taking prescribed medication for opioid addiction treatment, Suboxone, regardless of whether the medication had any effect on Ms. Hagy's ability to safely perform the essential functions of the job at issue.

35. Defendant's qualification standard excluding persons receiving Suboxone treatment from working in driving positions screened out Ms. Hagy of the basis of her disability and tends to screen out other qualified individuals with disabilities from employment as drivers on the basis of their disabilities, opioid addiction.

36. Defendant refused to hire Ms. Hagy on the basis of actual disability or record of a disability, opioid addiction, and on the basis of being regarded as disabled in violation of Sections

102(a) and 102(b)(6) of the ADA, 42 U.S.C. §§ 12112(a) & 12112(b)(6).

37. The effect of the practices complained of in Paragraphs 14 through 36 above has been to deprive Rachael Hagy of equal employment opportunities and otherwise adversely affect her ability to become an employee or be hired into specific jobs on the basis of her disability.

38. The unlawful employment practices complained of in Paragraphs 14 through 36 above were intentional.

39. The unlawful employment practices complained of in Paragraphs 14 through 36 above were done with malice or with reckless indifference to the federally protected rights of Rachael Hagy.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination by refusing to hire individuals with disabilities, and from maintaining or implementing qualification standards that screen out or have a tendency to screen out individuals with disabilities, including but not limited to an injunction prohibiting Defendant from refusing to hire, screening out, or otherwise excluding job applicants and employees from driver positions because they are receiving Suboxone or similar medication-assisted treatment for drug addiction unless such individuals pose a direct threat in the positions at issue that cannot be eliminated or reduced to an acceptable level through reasonable accommodation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to an

injunction mandating procedures and employee training regarding direct threat/safety analysis of job applicants and employees that comport with ADA requirements, such as individualized assessment and use of the best available medical and other objective evidence.

      C.      Order Defendant to make whole Rachael Hagy by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement or reinstatement and front pay.

      D.      Order Defendant to make whole Rachael Hagy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14 through 36 above, in amounts to be determined at trial.

      E.      Order Defendant to make whole Rachael Hagy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 14 through 36 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay to Rachael Hagy punitive damages for malicious and reckless conduct, as described in Paragraphs 14 through 36 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        SHARON FAST GUSTAFSON
        GENERAL COUNSEL

        ROBERT A. CANINO
        ACTING DEPUTY GENERAL COUNSEL

        GWENDOLYN YOUNG REAMS
        ASSOCIATE GENERAL COUNSEL
        WASHINGTON, D.C.

*Debra M. Lawrence* BY R.L.P. per Authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6691
(410) 962-4270 (facsimile)

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
Ohio Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
(410) 962-4270 (facsimile)
ronald.phillips@eeoc.gov

|     |     |
| --- | --- |
|     | MICHAEL B. STUART<br>UNITED STATES ATTORNEY |
| BY: | **s/ Jason S. Bailey**<br>JASON S. BAILEY<br>ASSISTANT UNITED STATES ATTORNEY<br>WV State Bar No. 13582<br>United States Attorney's Office<br>300 Virginia Street East, Suite 4000<br>Charleston, WV 25301<br>P: 304-345-2200<br>F: 304-347-5443<br>E: jason.bailey2@usdoj.gov<br><br>*Counsel for United States of America* |